IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 14-412-05, -06 |
| | : | |
| v. | : | |
| | : | |
| LINWOOD NORMAN and | : | |
| JOHN SPEISER | : | |


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    February 23, 2015


In July 2014, six then-Philadelphia police officers
were indicted with charges of conspiracy under the Racketeer
Influenced and Corrupt Organizations Act ("RICO") and various
related offenses. In preparation for trial, two of the
defendants – John Speiser and Linwood Norman – have moved to
quash several counts of the indictment, and Speiser has moved
for a bill of particulars. Because (1) a pretrial motion is an
impermissible vehicle under the circumstances here for
challenging the sufficiency of the Government's evidence; (2)
the indictment properly invokes the jurisdiction of this Court;
(3) an omission can constitute a violation of 18 U.S.C. § 1519,
which is not void for vagueness as to Speiser; and (4) the

indictment sufficiently informs Speiser of the charges against him, the Court will deny these motions.

## I.   BACKGROUND

On July 29, 2014, a grand jury indicted six defendants – Thomas Liciardello, Brian Reynolds, Michael Spicer, Perry Betts, Linwood Norman, and John Speiser – with charges of RICO conspiracy and various related offenses.[1] Relevant to the motions at issue, Speiser was charged with RICO conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1), and with falsification of records in a federal investigation, in violation of 18 U.S.C. § 1519 (Count 26). Among other charges, Norman was also charged with RICO conspiracy (Count 1) and with violating 18 U.S.C. § 1519 (Count 23).

The indictment lists as "overt acts" twenty-two separate "episodes" undertaken by one or more of the defendants. It is alleged that Speiser participated in episodes 13, 17, and 22. Count 26, Speiser's charge of falsifying records, refers specifically to episode 22, which alleges that Speiser (together with Liciardello and Reynolds) took $3,900 from an individual at

---

[1]     Those offenses include Hobbs Act robbery, Hobbs Act extortion, use of a firearm during a crime of violence, conspiracy to violate civil rights (through use of excessive force), deprivation of civil rights, falsification of records, and possession with intent to distribute 500 grams or more of cocaine.

a traffic stop, and then failed to include the seizure of any money in his police report on the incident. Indictment ¶¶ 88-90. Count 23, Norman's charge of falsifying records, refers specifically to episode 14, which alleges that Norman seized $20,000 from a home he searched, but reported that he seized only $1,000. Id. ¶¶ 61-63.

All defendants pleaded not guilty, and trial has been set for March 16, 2015. The Court ordered all pretrial motions required under Federal Rule of Criminal Procedure 12 and Local Criminal Rule 12.1 to be filed by December 1, 2014. ECF No. 162. Norman and Speiser each filed timely omnibus motions (ECF Nos. 209 and 210, respectively). Norman joined Speiser's motion to quash Count 26 of the indictment, as Norman is similarly charged in Count 23 with violating 18 U.S.C. § 1519. ECF Nos. 214, 253. The Government responded to the omnibus motions (ECF No. 226), and the Court held a hearing on February 3, 2015. The Court ruled from the bench on most of the motions (ECF No. 253), but a few motions still remain: Speiser's Motion to Quash Count 1 of the Indictment (ECF No. 210), Speiser's Motion to Quash Count 26 of the Indictment (ECF No. 210), Norman's Motion to Quash Count 23 of the Indictment (joined with Speiser's motion in ECF No. 214), and Speiser's Motion for a Bill of Particulars (ECF No. 210). They are now ripe for disposition.

## II.  MOTIONS TO QUASH COUNTS OF THE INDICTMENT

Speiser contends that the evidence is insufficient to support Count 1, which charges him as a participant in a RICO conspiracy. He argues that this case is unusual because the Government has represented to him that it has already disclosed all evidence, including Jencks materials, so that it is appropriate to raise a claim about the sufficiency of the evidence at this time.

Speiser also asserts that Count 26, which charges him with making a false entry in a report with the intent to impede an investigation of a matter under federal jurisdiction, in violation of 18 U.S.C. § 1519, is defective in several ways. Norman joined this motion as to the similar charges against him in Count 23. ECF Nos. 214, 253.

### A.  Legal Standard

Several circuit courts have determined that a district court can dismiss charges at the pretrial stage for insufficiency of evidence where the facts are undisputed and the Government fails to object to the district court's consideration of those facts. See, e.g., United States v. Yakou, 393 F.3d 231, 238 (D.C. Cir. 2005); United States v. Hall, 20 F.3d 1084, 1087-88 (10th Cir. 1994). The Third Circuit, however, has not adopted

that view. In <u>United States v. DeLaurentis</u>, 230 F.3d 659 (3d
Cir. 2000), the Third Circuit held, "[u]nless there is a
stipulated record, or unless immunity issues are implicated, a
pretrial motion to dismiss an indictment is not a permissible
vehicle for addressing the sufficiency of the government's
evidence." <u>Id.</u> at 660; <u>see also, e.g.</u>, <u>United States v. Huet</u>,
665 F.3d 588, 595 (3d Cir. 2012). The <u>DeLaurentis</u> court noted
that Federal Rule of Criminal Procedure 12(b)(3)(B) (then Rule
12(b)(2)) does "authorize[] dismissal of an indictment if its
allegations do not suffice to charge an offense" – that is, if
there is a legal deficiency – but concluded that "such
dismissals may not be predicated upon the insufficiency of the
evidence to prove the indictment's charge." 230 F.3d at 661.

A district court reviewing a motion alleging a defect
in the indictment must determine "whether the facts alleged in
the indictment, if accepted as entirely true, state the elements
of the offense and could result in a guilty verdict." <u>United
States v. Bergrin</u>, 650 F.3d 257, 268 (3d Cir. 2011). As a
general rule, a determination under Rule 12(b)(3)(B) "is a
narrow, limited analysis geared only towards ensuring that
legally deficient charges do not go to a jury." <u>Id.</u> An
indictment is facially sufficient if it "(1) contains the
elements of the offense intended to be charged, (2) sufficiently
apprises the defendant of what he must be prepared to meet, and

(3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." United States v. Vitillo, 490 F.3d 314, 321 (3d Cir. 2007) (quoting United States v. Rankin, 870 F.2d 109, 112 (3d Cir. 1989)) (internal quotation marks omitted). Provided that an indictment is facially sufficient, "[t]he government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29." DeLaurentis, 230 F.3d at 661.

B.   Motion to Quash Count 1

Speiser asserts that a review of the Government's evidence reveals the following:

- The grand jury evidence does not support any charges against him, because his name appears in grand jury testimony fewer than 100 times, and no witness alleges in this testimony that he did anything that Count 1 of the indictment claims he did. See Speiser Mot. Ex. A.

- In their grand jury testimony – and in one case, an interview with investigators – the alleged victims do not identify Speiser as having participated in the alleged thefts.

- Jeffrey Walker, an important Government witness, does not allege that Speiser was involved in episodes 13, 17, or 22.

Accordingly, Speiser argues, Count 1 is not supported by the evidence.

This pretrial motion is an improper vehicle for challenging the sufficiency of the Government's evidence. See DeLaurentis, 230 F.3d at 660. Speiser's argument is clearly that the evidence in this case is insufficient to prove the charges of Count 1, and not that the indictment's allegations do not suffice to charge an offense – that is, he does not claim that Count 1 is legally deficient. Under DeLaurentis, such an argument exceeds the scope of this Court's review of the indictment at the pretrial stage.[2] Therefore, Speiser's motion to quash Count 1 will be denied.

C.    Motion to Quash Count 26

Speiser contends that Count 26, which charges him with falsifying records in a federal investigation by taking $3,900 from an individual at a traffic stop and then preparing a report

---

[2]    Speiser's argument that the Government has disclosed all its evidence does not establish that the record is stipulated, so as to constitute an exception to the DeLaurentis rule, especially considering that the Government has asserted that Speiser's presentation of its evidence is "incomplete." Gov't Resp. 4 n.1.

"which falsely stated that no cash had been seized . . . and failed to report the $3,900 that they stole," Indictment ¶ 90, is defective in several ways. Unlike the motion to quash Count 1, this motion is properly brought because it claims that the indictment is legally insufficient to charge an offense, not that the evidence is insufficient to prove the offense charged. See DeLaurentis, 230 F.3d at 661. Additionally, jurisdictional challenges may be brought at any time. Fed. R. Crim. P. 12(b)(2). Each of Speiser's arguments is considered in turn below.

    1.   <u>Jurisdiction</u>

    First, Speiser argues that Count 26 fails to invoke the jurisdiction of this Court. The indictment, he says, describes an alleged false entry made in connection with an ordinary, common law theft, not a matter under the jurisdiction of a federal agency, as 18 U.S.C. § 1519 requires:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

    This argument is without merit. As the Government

says, "[t]he falsification of records in Count 26 are part and parcel of the overt acts of the RICO conspiracy . . . . These facts are subsumed under episode 22 [the factual basis for Count 26], which is one of the predicate acts in the charged federal RICO conspiracy, and therefore are clearly within the jurisdiction of the FBI." Gov't Resp. 8. The statute "does not require the existence of a federal investigation before criminal liability may attach." United States v. Moyer, 674 F.3d 192, 206 (3d Cir. 2012) (finding no jurisdictional defect where police officers were alleged with falsifying their reports about a murder that turned out to be under the jurisdiction of the FBI because it was racially motivated), cert. denied, 133 S. Ct. 165 (2012) and 133 S. Ct. 979 (2013). Furthermore, the Government does not need to prove that Speiser "actually knew that the 'matter' at issue was within the jurisdiction of the federal government when he falsified documents." Id. at 208. It need only prove that he "knowingly falsified documents and did so with the intent to 'impede, obstruct, or influence the investigation or proper administration of any matter' that happens to be within federal jurisdiction." Id. at 209 (quoting § 1519). The false entry alleged is part of the RICO conspiracy alleged, and there is no doubt that there is federal jurisdiction over the RICO conspiracy. Therefore, whether or not the alleged conspiracy was under investigation when Speiser

9

allegedly made his false entry – and if so, whether he knew about it – there is no question that this Court has jurisdiction, and his motion to quash Count 26 cannot be granted on this basis.

### 2.   Failure to State an Offense

Next, Speiser argues that the indictment fails to state an offense, as an omission is not a "false entry" within the meaning of § 1519. As Speiser notes, the report he prepared does not affirmatively say that no cash was seized – it simply fails to acknowledge the alleged fact that he took cash from the individual. Therefore, he says, the conduct alleged is truly an omission, which is not criminalized by the plain language of § 1519. He argues that criminal law's fair warning principle should apply here to prevent the Government from extending the statute to omissions.

There is no controlling authority in this circuit on this precise issue. Speiser cites no cases concerning whether § 1519 covers omissions; the Government found one: United States v. Jackson, 186 F. App'x 736 (9th Cir. 2006) (nonprecedential). In that case, the defendant – a Federal Protective Service ("FPS") officer – had deliberately omitted a confession made by another FPS officer from an official investigation report. An FBI agent testified that the defendant had told the agent that

10

he wrote a "deliberately vague report" and that he knew it was wrong to leave out the confession. Id. at 738. The Ninth Circuit easily concluded without analysis that the FBI agent's testimony was "sufficient to support a conviction under 18 U.S.C. § 1519." Id.

Several other cases are relevant as well. Most notably, in Moyer – the Third Circuit case in which police officers were charged with violating § 1519 after making false statements and omissions in their reports about a racially motivated killing – one defendant argued that § 1519 did not criminalize the omissions in his report because there was "no proof that he had a contemporaneous duty to disclose the specific information alleged to have been omitted." 674 F.3d at 207. The Third Circuit said that "[i]t borders on the ridiculous to assert that a Chief of Police would not have a duty to disclose the identity of suspects in his official police reports or, conversely, that withholding the names of suspects – known to him – in those official police reports would be deemed acceptable." Id. Accordingly, the court determined that § 1519 did cover that defendant's omissions.

Outside the Third Circuit, in United States v. Schmeltz, 667 F.3d 685 (6th Cir. 2011), the defendant made several omissions in reports and was charged under § 1519 with falsifying documents. The defendant did not appear to argue that

11

§ 1519 does not apply to omissions, so the Court did not analyze that issue, but it did affirm his conviction under § 1519, which was based on omissions alone. Id. at 687-88. See also United States v. Gray, 692 F.3d 514, 517-21 (6th Cir. 2012) (assuming without discussion that § 1519 covers omissions); United States v. Taohim, 529 F. App'x 969, 974 (11th Cir. 2013) (unpublished) (affirming a conviction under § 1519 for conduct that included omissions, but without analyzing whether the statute applies to omissions); United States v. Diana Shipping Servs., S.A., 985 F. Supp. 2d 719, 728 (E.D. Va. 2013) (discussing Schmeltz and similarly assuming that § 1519 covers omissions); United States v. Sanford, Ltd., 859 F. Supp. 2d 102, 123 (D.D.C. 2012) (denying a motion to dismiss counts of an indictment alleging violations of § 1519 where the conduct at issue included omissions, though whether the statute covers omissions was not at issue).[3]

While the case law discussed above is not strictly on point, it is true that a number of courts have applied the

---

[3]        In United States v. Mathis, 738 F.3d 719 (6th Cir. 2013), an individual who gave an investigator an incomplete document was convicted under § 1519. It is not clear whether this defendant's action was necessarily an omission, since he left out several pages of the document – which could also be considered an alteration, for example. The Sixth Circuit affirmed his conviction, but without discussing whether the issue at hand was an omission, and thus whether the statute applies to omissions. Id. at 738.

statute to cover omissions, even if they have not analyzed the issue explicitly. Speiser, on the other hand, has not identified any cases where courts have done the opposite.

Further, the Government points out that courts have upheld convictions for material omissions[4] under an analogous statute. Title 18 U.S.C. § 1005 prohibits, in relevant part, the making of "any false entry in any book, report or statement of [a] bank . . . with intent to injure or defraud such bank . . . or to deceive any officer of such bank." Courts have held that omissions qualify as false entries under this statute. See, e.g., United States v. Weidner, 437 F.3d 1023, 1037 (10th Cir. 2006) ("Under § 1005, 'an omission of material information qualifies as a false entry.'" (quoting United States v. Cordell, 912 F.2d 769, 773 (5th Cir. 1990))); United States v. Copple, 827 F.2d 1182, 1187 (8th Cir. 1987) ("[A]n omission where an honest entry would otherwise be made can be a false entry for section 1005 purposes."); United States v. Jackson, 621 F.2d 216, 219 (5th Cir. 1980) ("An omission of material information

---

[4]       Notably, in Moyer, the Third Circuit declined to require omissions to be material, "because materiality is not an express element of § 1519." 674 F.3d at 207-08. Other courts have read materiality requirements into laws criminalizing omissions. See, e.g., Luckey v. Baxter Healthcare Corp., 183 F.3d 730, 732 (7th Cir. 1999) (noting, in a False Claims Act case, that while "a claim can be false or fraudulent if the speaker offers a misleading half-truth," a materiality requirement keeps liability for half-truths "from swallowing the norm").

as well as an actual misstatement qualifies as a false entry under [§ 1005].”); <u>United States v. Krepps</u>, 605 F.2d 101, 109 (3d Cir. 1979) (“[A]n entry may be false by virtue of an omission of material information as much as by an actual misstatement.”).

The Government also argues that as explicitly evidenced by the legislative history, § 1519 was intended to apply broadly. And indeed, that history appears to reveal that an individual's intent was meant to be more important than the specific conduct at issue:

> Section 1519 is meant to apply broadly to any acts to destroy or fabricate physical evidence so long as they are done with the intent to obstruct, impede or influence the investigation or proper administration of any matter, and such matter is within the jurisdiction of an agency of the United States, or such acts done either in relation to or in contemplation of such a matter or investigation. This statute is specifically meant not to include any technical requirement, which some courts have read into other obstruction of justice statutes, to tie the obstructive conduct to a pending or imminent proceeding or matter. It is also sufficient that the act is done "in contemplation" of or in relation to a matter or investigation. It is also meant to do away with the distinctions, which some courts have read into obstruction statutes, between court proceedings, investigations, regulatory or administrative proceedings (whether formal or not), and less formal government inquiries, regardless of their title. Destroying or falsifying documents to obstruct any of these types of matters or investigations, which in fact are proved to be within the jurisdiction of any federal agency are covered by this statute. Questions of criminal intent are, as in all cases, appropriately decided by a jury on a case-by-cases [sic] basis. It also extends to acts done in contemplation of such

14

> federal matters, so that the timing of the act in relation to the beginning of the matter or investigation is also not a bar to prosecution. The intent of the provision is simple; people should not be destroying, altering, or falsifying documents to obstruct any government function. Finally, this section could also be used to prosecute a person who actually destroys the records himself in addition to one who persuades another to do so, ending yet another technical distinction which burdens successful prosecution of wrongdoers.

S. Rep. No. 107-146, at 14-15 (2002), available at 2002 WL 863249.

It is true that "a criminal statute must give fair warning of the conduct that it makes a crime." Rogers v. Tennessee, 532 U.S. 451, 457 (2001) (quoting Bouie v. City of Columbia, 378 U.S. 347, 350 (1964)) (internal quotation marks omitted) (collecting cases). For that reason, laws must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." Grayned v. City of Rockford, 408 U.S. 104, 108 (1972).

Here, the Court is satisfied that the language of § 1519 gives a "person of ordinary intelligence a reasonable opportunity" to anticipate that knowingly making an omission with the intent to impede the investigation of a matter under federal jurisdiction is criminal conduct under the statute. Section 1519 describes a broad range of conduct – "alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry" – which as a whole, creates the clear impression

15

that the statute is concerned with any intentionally deceptive behavior regarding records, documents, and objects. Omissions can, of course, be intentionally deceptive – as the saying goes, "a lie of omission is still a lie."[5] See, e.g., Luckey v. Baxter Healthcare Corp., 183 F.3d 730, 732 (7th Cir. 1999) ("[A] claim can be false or fraudulent if the speaker offers a misleading half-truth."); Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997) (noting that, at least with respect to applications for warrants, omissions can "create a falsehood"); Minter v. Wells Fargo Bank, N.A., No. WMN-07-3442, 2013 WL 4603006, at *3 & n.7 (D. Md. Aug. 28, 2013) (declining to "participate in what appears to be a game of 'gotcha'" brought on by a party's potential "lie of omission"); Capers v. Missouri, No. CV411-109, 2011 WL 2600560, at *2 (S.D. Ga. June 10, 2011) (dismissing a successive habeas petition where the petitioner "deceitfully advanced" it "via [a] lie of omission"); In re Jacoby Airplane Crash Litig., No. 99-6073 (HAA), 2007 WL 4557654, at *16 (D.N.J. Dec. 21, 2007) (finding significance in a decedent's "lies of omission and commission" alike, where the decedent likely would not have been allowed to fly the plane he crashed without such

---

[5]     As illustrated by Captain Jean-Luc Picard's reprimand of Cadet Wesley Crusher in Star Trek: The Next Generation, The First Duty (syndicated television broadcast Mar. 30, 1992): "You told the truth up to a point, but a lie of omission is still a lie."

lies).

Moreover, Speiser's interpretation could create absurd results: for example, if Speiser had reported a seizure of $100, or $10, or even $1, instead of the $3,900 he and the other officers allegedly stole, there would be no question that his alleged conduct fell under the statute. But it cannot be that simply because he reported no seizure, as opposed to underreporting the seizure, his actions did not violate § 1519. Therefore, an omission can indeed constitute a violation of § 1519, and Speiser's motion to quash Count 26 cannot be granted on this basis.

3.   Vagueness

Finally, in an extension of his argument that Count 26 fails to state an offense because § 1519 does not criminalize omissions, Speiser argues that the statute is void for vagueness as to him.[6] Specifically, he contends that the Government's interpretation "literally allows for any federal agency to conduct an ex post facto review of a police report (or any document) and then charge a police officer for failing to include information that is of consequence to that agency." Speiser Omnibus Mots. 21 (footnote omitted).

---

[6]     To the extent that this argument depends upon Speiser's previous arguments involving the fair warning principle, they are equally unavailing here.

Speiser's efforts to make § 1519 sound vague are fruitless. Assuming for the purposes of the analysis that the statute criminalizes omissions without expressly saying so, its scienter requirement keeps it from being vague. See Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 499 & n.14 (1982) (noting that "the Court has recognized that a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed," and collecting cases). Specifically, it requires that the individual commit the omission "knowingly" and "with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States." § 1519. Accordingly, "the statute does not criminalize innocent or inadvertent conduct, as suggested by the defendant." Gov't Resp. 9; see also United States v. Yielding, 657 F.3d 688, 711 (8th Cir. 2011) ("[Section 1519] does not impose liability . . . without an intent to impede, obstruct, or influence a matter. If it did, then the statute would forbid innocent conduct such as routine destruction of documents that a person consciously and in good faith determines are irrelevant to a foreseeable federal matter.").

Therefore, contrary to Speiser's assertion that "[t]here is simply no way for a police officer to reasonably

18

attempt to conform with § 1519," Speiser Omnibus Mots. 21, a police officer does not run afoul of § 1519 unless he acts with the <u>intent</u> to impede, construct, or influence the investigation or proper administration of any matter under federal jurisdiction when determining what to leave out of his or her police reports. An officer acting in good faith, or even in error or negligently, does not violate § 1519. Because of the statute's scienter requirement, Speiser's parade of horribles cannot come to pass.

Speiser's vagueness argument, therefore, does not provide a basis for granting the motion to quash Count 26.

. . . .

Upon review of each argument supporting Speiser's motion to quash 26 of the indictment, the Court finds none to be availing. Accordingly, the motion to quash Count 26 will be denied.

D.   <u>Motion to Quash Count 23</u>

Norman's situation is materially different from Speiser's when it comes to his own alleged violation of § 1519. The claim against Speiser is that he took money from an individual at a traffic stop, and in his incident report about the traffic stop, failed to note that any money was seized. However, the claim against Norman is that he took $20,000, but

19

stated in his incident report that only $1,000 was seized. Therefore, Norman's alleged conduct was clearly not an omission, but a type of false entry that is undisputedly covered by the statute. Accordingly, Speiser's arguments about omissions have no significance to Norman;[7] only the argument that this count of the indictment does not invoke the Court's jurisdiction is relevant to him. For the reasons discussed above, this jurisdictional argument fails, and Norman's motion to quash Count 23 will be denied.

## III. MOTION FOR A BILL OF PARTICULARS

Finally, Speiser argues that because the evidence is insufficient to establish that he is a RICO coconspirator or that he violated 18 U.S.C. § 1519, an evidentiary shortcoming renders him unable to prepare for trial. Accordingly, he requests that the Government be ordered to serve him a bill of particulars, because without one, he says, he "will likely be the victim of unfair surprise at trial." Speiser Omnibus Mots. 24. Speiser claims that "it is far from clear what the United States is alleging that John Speiser actually did." Id. at 23. This argument is unavailing; the indictment is very specific about Speiser's alleged actions. What Speiser actually appears

---

[7]     Although under Speiser's view, as discussed above, it could be said that Norman simply "omitted" the other $19,000 from his report.

20

to mean is that he does not think the discovery provided to him supports the Government's allegations, and he wants to know what else the Government intends to offer as evidence.

This is not the purpose of a bill of particulars. As the Third Circuit has stated:

> The purpose of a bill of particulars is to "inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." Only where an indictment fails to perform these functions, and thereby "significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial," will we find that a bill of particulars should have been issued.

United States v. Urban, 404 F.3d 754, 771-72 (3d Cir. 2005) (citations omitted). It is not the case here that the indictment has failed to inform Speiser of the nature of the charges brought against him. As the Government says, "[t]he indictment in this case is 42 pages in length, spells out the RICO enterprise, the purposes of the enterprise, the pattern of racketeering activity, and the manner and means of the defendants, and lists 90 overt acts of the co-conspirators." Gov't Resp. 10. The discrete incidents Speiser is alleged to have been involved in are described with sufficient specificity to allow him to prepare his defense. See Indictment ¶¶ 58-60, 72-74, 88-90.

A bill of particulars "is not intended to provide the defendant with the fruits of the government's investigation. Rather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation." United States v. Smith, 776 F.2d 1104, 1111 (3d Cir. 1985) (citations omitted). Nor is it intended to supply the defendant with a road map to the Government's proof. Moreover, where a defendant has access to discovery, as is the situation here,[8] the case for a bill of particulars is weakened. See Urban, 404 F.3d at 772 (citing United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979)); see also Giese, 597 F.2d at 1180 ("Full discovery . . . obviates the need for a bill of particulars.").

Because the indictment sufficiently performs the functions listed above, as outlined by Urban, the motion for a bill of particulars will be denied.

## IV.  CONCLUSION

For the foregoing reasons, the Court will deny Speiser's Motion to Quash Count 1, Speiser's Motion to Quash

---

[8]    The Government claimed to have provided 42,431 documents to defense counsel as of the filing of its response – including all witness grand jury notes, interviews of witnesses, and police reports referenced in the indictment. Gov't Resp. 10. At the hearing on this motion, the Government represented that it had produced thousands more as well.

Count 26, Norman's Motion to Quash Count 23, and Speiser's Motion for a Bill of Particulars. An appropriate order follows.